IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRED WILLIAM SHIELDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-11-1027-HE |
| | ) | |
| CINDY KIRBY, Lincoln County, Oklahoma, | ) | |
| Court Clerk, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Fred William Shields brought this action against the defendants asserting claims under both state and federal law. The claims arise out of an alleged wrongful arrest on December 25, 2010. Mr. Shields alleges the conduct of the defendants in connection with his wrongful arrest caused him to suffer mental and bodily injuries, including a fractured sternum. [Doc. #1, Complaint, ¶ 10]. Defendants Cindy Kirby, the county court clerk for Lincoln County, Charlie Dougherty, the county sheriff, and Lincoln County[1] have moved to dismiss certain of plaintiff's claims against them under Fed. R. Civ. P. 12(b)(6).

**Background**

The complaint [Doc. #1] alleges plaintiff was pulled over in Stroud, Oklahoma, by defendant Jorge Kyle Howard, a Stroud police officer, on December 25, 2010, for a routine traffic stop. *Id.* ¶ 5. After conducting a "computer check," Defendant Howard determined there was an outstanding warrant for plaintiff's arrest from Lincoln County, Oklahoma. *Id.*

---

[1]The county is sued by naming its board of county commissioners. 19 Okla. Stat. § 4.

Howard arrested the plaintiff and began transporting him to the Lincoln County jail. *Id.* While en route, another Stroud police officer notified Howard that "he had found the appearance bond and order of release for the arrest warrant" while searching plaintiff's vehicle. *Id.* ¶ 6. In response, defendant Howard allegedly became angry and "executed a high-speed u-turn to return to the scene of the arrest." *Id.* ¶ 7. According to the complaint, Howard's u-turn "caused [p]laintiff to be thrown about the police car" and separated plaintiff's sternum. *Id.*

The complaint alleges that after returning to the scene of the arrest, Howard contacted the Lincoln County sheriff's office and was told by an unknown defendant ("John Doe 1"), an employee of the sheriff's office, that the warrant was still in effect. *Id.* ¶ 8. Howard advised John Doe 1 of the appearance bond and order of release, but John Doe 1 allegedly instructed him to arrest the plaintiff and "they would sort out the matter the next day." *Id.* ¶ 9. The appearance bond and order of release had been filed in the Lincoln County Court Clerk's office on December 9, 2010. *Id.* ¶ 8. Plaintiff was then taken to the Lincoln County jail and imprisoned overnight. *Id.* ¶ 9. He was released the next day and subsequently hospitalized, where he underwent surgery to repair his sternum. *Id.* ¶ 10.

## Discussion

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are

construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Applying this standard to the present case, the court concludes defendants' motion should be granted.

### *1. State claims against defendants Kirby and Dougherty*

Plaintiff alleges defendant Kirby was negligent or grossly negligent "in failing to recall the arrest warrant upon which Plaintiff had been arraigned and released on the charges for which he was subsequently [wrongfully] arrested." [Doc. #1, ¶¶ 11, 13]. Similarly, plaintiff claims Sheriff Dougherty was "grossly negligent in causing the arrest and detention of Plaintiff" because the sheriff's records showed that plaintiff had been released on bond as to the charge for which he was wrongfully arrested. *Id.* ¶ 20. As to both of these claims, the complaint alleges defendants Kirby and Dougherty were acting within the scope of their employment. *See id.* ¶¶ 12, 19. The Oklahoma Governmental Tort Claims Act, 51 Okla. Stat. § 151 et seq. ("OGTCA"), provides immunity for defendants in these circumstances, as plaintiff concedes in his response, and hence no claim is stated.

### *2. Federal claim against defendant Dougherty*

Plaintiff also contends Sheriff Dougherty deprived plaintiff of his constitutional rights of "freedom from the deprivation of liberty without due process of law and freedom from the seizure of his person without due process of law." [Doc. #1, ¶ 17]. A person who deprives another of a right secured by the federal constitution while acting under color of state law

may be liable to the injured party for such deprivation. 42 U.S.C. § 1983. Liability under § 1983 may not, however, be based on a theory of respondeat superior. Brown v. Montoya, No. 10-2269, 2011 WL 5346064, at *7 (10th Cir. November 8, 2011) (publication forthcoming). As the only basis for liability reflected by the complaint is based on that theory, the complaint does not state a § 1983 claim against Sheriff Dougherty.

*3. State claim against Lincoln County*

Section 155(24) of the OGTCA immunizes the county against claims resulting from the "[p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility." The Oklahoma Supreme Court has stated "the purpose and intent of [§ 155(24)] is to protect the state and political subdivisions from tort liability for loss resulting from the functions of the officers and employees performed in the operation of a penal institution." Medina v. State, 871 P.2d 1379, 1383 (Okla. 1993). That court reiterated this holding in Redding v. State, 882 P.2d 61, 63 (Okla. 1994) (noting that the purpose of what is now § 155(24) "is to protect the state from liability for loss resulting from *any and all actions* of officers and employees of a penal institution." (emphasis added)). These authorities preclude plaintiff's state tort claims to the extent they are premised on the alleged denial of medical care while plaintiff was imprisoned at the Lincoln County jail.[2]

---

[2]*Plaintiff indicates the focus of his claim is the alleged false arrest and conduct prior to his arrival at the jail. The referenced provision of the OGTCA does not bar claims other than those arising out of the jail operation.*

### Conclusion

Defendants' motion to dismiss [Doc. #11] is **GRANTED**. The indicated claims (or portions of claims) are dismissed as to the moving defendants.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE